UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

MIGUEL DE JESUS REYES MEDINA
    a/k/a "Azua," and
ERIK ALBERTO LOPEZ VALDEZ,

　　　　　　Defendants.

---

INDICTMENT

24 CRIM 458

JUDGE ABRAMS

## COUNT ONE
### (Conspiracy to Distribute Narcotics)

The Grand Jury charges:

1.　　In or about April 2024, in the Southern District of New York and elsewhere, MIGUEL DE JESUS REYES MEDINA a/k/a "Azua," and ERIK ALBERTO LOPEZ VALDEZ, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2.　　It was a part and an object of the conspiracy that MIGUEL DE JESUS REYES MEDINA a/k/a "Azua," and ERIK ALBERTO LOPEZ VALDEZ, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.　　The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 31 2024

## COUNT TWO
### (Distribution of Narcotics)

The Grand Jury further charges:

4.  On or about April 10, 2024, in the Southern District of New York and elsewhere, MIGUEL DE JESUS REYES MEDINA a/k/a "Azua," the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same.

5.  The controlled substances involved in the offense were 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B) and mixtures and substances containing a detectable amount of protonitazene, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C); Title 18, United States Code, Section 2.)

## COUNT THREE
### (Distribution of Narcotics)

The Grand Jury further charges:

6.  On or about April 16, 2024, in the Southern District of New York and elsewhere, MIGUEL DE JESUS REYES MEDINA a/k/a "Azua," and ERIK ALBERTO LOPEZ VALDEZ, the defendants, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same.

7.  The controlled substance involved in the offense was mixtures and substances containing a detectable amount of protonitazene, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Section 2.)

**FORFEITURE ALLEGATION**

8. As a result of committing the offense alleged in Counts One, Two, and Three of this Indictment, MIGUEL DE JESUS REYES MEDINA a/k/a "Azua," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

9. As a result of committing the offense alleged in Counts One and Three of this Indictment, ERIK ALBERTO LOPEZ VALDEZ, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

4